**Eduardo Domingo Renoj MATUL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73891.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 23, 2005.

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Mary Jane Candaux, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Petitioner Eduardo Domingo Renoj Matul, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motions to reopen and to reconsider. Matul argues that the BIA should have granted his motions to administratively close his deportation proceedings because he was eligible for "repapering"[1] under C.F.R.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**1.** "Repapering" is the process by which the Attorney General terminates a deportation proceeding under the pre-IIRIRA rules and commences removal proceedings under the post-IIRIRA rules instead. *Alcaraz v. I.N.S.,* 384 F.3d 1150 (9th Cir.2004).

§ 240.81(a)(2) and IIRIRA § 309(c)(3). He further argues that the BIA abused its administrative discretion in failing to close his proceedings *sua sponte.* We affirm.

The BIA did not err in declining to reopen Matul's deportation proceeding because, as Matul concedes, the BIA had already issued a final administrative decision. Paragraph 309(c) of IIRIRA grants the Attorney General discretion to terminate deportation proceedings and to reinitiate removal proceedings, a process known as "repapering," only in those cases "in which there has not been a final administrative decision." Pub. Law No. 104–208, 110 Stat. 3009 (1996).

We lack jurisdiction to review Matul's argument that the BIA should have exercised its *sua sponte* authority to reopen the proceedings. See *Ekimian v. I.N.S.,* 303 F.3d 1153 (9th Cir.2002).

**Petition DENIED.**